IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD LEE TURNER, | ) | No. C 11-0865 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| MEGAN M. CHUNG; GREGORY S. GILCHRIST; TOWNSEND, TOWNSEND & CREW, L.L.P., | ) ) ) ) | |
| Defendants. | ) | |
| _____ | | |

## INTRODUCTION

Plaintiff Gregory Ahern, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against the attorneys who represented him on a pro bono basis in a civil rights action in federal court. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

## DISCUSSION

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Legal Claims

Plaintiff alleges that Defendants, the attorneys who represented him on a pro bono basis in a civil rights action in federal court, were negligent and committed malpractice by inadequately prosecuting his claims.

Plaintiff's claims are not cognizable under Section 1983 because attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th

Cir. 1996) (attorneys are private actors).  Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law.  *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977).  Moreover, claims for legal malpractice do not come within the jurisdiction of the federal courts.  *See Franklin*, 662 F.2d at 1344.  Consequently, Plaintiff's claims that Defendants inadequately represented him in a prior civil lawsuit are not cognizable under Section 1983, nor is there jurisdiction over such claims in federal court.

## CONCLUSION

This case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: March 29, 2011

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

EDWARD LEE TURNER,

    Plaintiff,

  v.

MEGAN M CHUNG et al,

    Defendant.

Case Number: CV11-00865 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Lee Turner
V25872
P.O.Box 8500
Coalinga, CA 93210

Dated: March 29, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk